UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK CV 13                      7170

------------------------------------------------------------X

ANTHONY CUMBERBATCH, TITU
HASSAN, and JOHN MASON, on behalf of
themselves and other employees similarly situated,                    **COMPLAINT**

                   Plaintiffs,                                **CLASS ACTION**

                                 **PLAINTIFFS DEMAND**

       -against-                                 **TRIAL BY JURY**

BLOCK, J.

EMSTAR PIZZA, INC., EMMANUEL
ONUAGULUCHI, UCHENNA ONUAGULUCHI,
and JOHN DOES 1-100, the actual names of such
individuals or entities being unknown,                   **REYES, M.J**

                 Defendants.

------------------------------------------------------------X

      Plaintiffs, by their attorneys, Cary Kane LLP, complaining of defendants, allege:

### PRELIMINARY STATEMENT

     1.    Plaintiffs bring this action, on behalf of themselves and other employees

similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29

U.S.C. § 201 et seq. ("FLSA").  Plaintiffs seek, for themselves and similarly situated

employees, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys'

fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b)

and 217, and other applicable federal law.

     2.    Plaintiffs also bring this action, on behalf of themselves and other

employees similarly situated, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, to remedy violations of the New York State Labor Law, N.Y. LABOR §§ 190 et

seq., §§ 650 et seq. and the New York Minimum Wage Act, N.Y. LABOR § 650 et seq.

("NYSLL").  Plaintiffs seek, for themselves and all similarly situated employees, unpaid

1

wages, unpaid overtime, all wages improperly deducted from paychecks, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to NYSLL §§ 198, 663.

## JURISDICTION AND VENUE

3.     Jurisdiction of the Court over plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Jurisdiction of this Court over plaintiffs' NYSLL claims is invoked pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are so related to plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendants maintain their principal place of business in, do business in, and have designated addresses located in this District for service of process and, accordingly, reside in this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6.     Plaintiff Anthony Cumberbatch ("Cumberbatch") resides in the county of Kings in the State of New York.

7.     Plaintiff Titu Hassan ("Hassan") resides in the county of Kings in the State of New York.

8.     Plaintiff John Mason ("Mason") resides in the county of Queens in the State of New York.  Cumberbatch, Hassan, and Mason are collectively referred herein to

2

as the "plaintiffs."

9.      Defendant Emstar Pizza, Inc. ("Emstar") is a New York corporation doing business in New York.  Upon information and belief, Emstar pizzerias are all owned and/or operated by Defendant Emmanuel Onuaguluchi and/or Defendant Uchenna Onuaguluchi.  Emstar operates at least six (6) Papa John's pizzerias.  Upon information and belief, the Emstar pizzerias perform related activities through unified operation and common control, and are thus an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1).

10.     Emstar is an "employer," within the meaning of 29 U.S.C. § 203(d) and NYSLL §§ 190, 651.

11.     Upon information and belief Emstar employs employees who handle, sell, or otherwise work on goods or material that have been moved in or produced for commerce by any person.  This includes, but is not limited to, the ingredients used in the preparation of Emstar's pizzas, other food products, and beverages, which are purchased from suppliers in multiple states and travel across state lines.  In addition, upon information and belief, Emstar is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.  Upon information and belief Emstar is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

12.     Defendant Emmanuel Onuaguluchi ("E. Onuaguluchi") is an individual doing business in New York City and, upon information and belief, is a shareholder, officer and/or agent of Emstar.  At all relevant times, E. Onuaguluchi had control over the employment practices of Emstar and was responsible for the wage and hour practices complained of herein.  Therefore, E. Onuaguluchi is an "employer" within the definition

3

of 29 U.S.C. § 203(d) and NYSLL §§ 198, 651.

13.     Defendant Uchenna Onuaguluchi ("U. Onuaguluchi") is an individual doing business in New York City and, upon information and belief, is a shareholder, officer and/or agent of Emstar. At all relevant times, U. Onuaguluchi had control over the employment practices of Emstar and was responsible for the wage and hour practices complained of herein. Therefore, U. Onuaguluchi is an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL §§ 198, 651.

14.     Defendants John Does 1-100 are other individuals or entities affiliated with Emstar. Plaintiffs reserve the right to name additional parties as their identities become known to plaintiffs. Upon information and belief, at all relevant times, John Does 1-100 had control over the employment practices of Emstar and were responsible for the wage and hour practices complained of herein. Therefore, John Does 1-100 constitute an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL §§ 190 and 651.

15.     Emstar, E. Onuaguluchi, U. Onuaguluchi, and Defendants John Does 1-100 are collectively referred herein to as the "defendants." Each of the defendants in paragraphs "9" through "14" is an "employer," within the meaning of 29 U.S.C. § 203(d) and NYSLL § 651.


## FACTUAL ALLEGATIONS

16.     The defendants operate at least six (6) pizzerias in Queens and Kings Counties, New York.

17.     Plaintiffs have, for varying degrees of time, worked as delivery persons

4

(also called "drivers") and customer service representatives.  At all relevant times, plaintiffs were paid on an hourly basis.  Each plaintiff was a non-exempt employee under the Fair Labor Standards Act.

**Anthony Cumberbatch**

18.     Plaintiff Cumberbatch worked for defendants as a driver from in or around August 2008 through in or around June 2013.  In that capacity, he delivered pizzas and other food items to customers who ordered food from Emstar's pizzerias online or by telephone.  Cumberbatch was also called upon to answer the phones at Emstar's pizzerias to receive orders when he was not making deliveries.  Defendants also required Cumberbatch to help clean the store after he returned from his last delivery each night.  This task took at least one hour to perform.  Each night, defendants made Cumberbatch perform this final hour of work off the clock and did not compensate him for this work.

19.     In or about August 2008 through in or about July 2009, Cumberbatch earned about $7.15 per hour.  In or about July 2009, Cumberbatch's rate increased to about $7.25 per hour.  Sometime thereafter, Cumberbatch's rate increased to about $7.50 per hour.  Cumberbatch was scheduled to work between 40 and 80 hours per week as a driver.

20.     About two or three times, about two years after Cumberbatch began working for Emstar, Cumberbatch was paid cash wages for all hours worked those weeks at a rate of $6.00 per hour.

21.     Between the end of 2009 and in or about 2012, for about one year, Cumberbatch, in addition to working as a driver, performed additional duties on separate shifts at defendants' stores.  Although defendants called Cumberbatch a manager for his

5

in-store work, Cumberbatch did not perform any actual managerial duties. Rather, when working in the stores, Cumberbatch made pizzas, answered phones, took orders via phone and internet, counted inventory, ordered ingredients, dispatched drivers, and painted and cleaned the store. After the restaurant would close for the day, he counted the monies received and deposited the monies into the restaurant's safe. Cumberbatch performed no significant managerial duties and was not delegated with the ability to exercise discretion or judgment on any matters pertaining to operation of the restaurant's business.

22.   For his work at the restaurant, defendants initially paid Cumberbatch at a rate of $8.00 per hour, which later increased to $8.33 per hour. Cumberbatch was scheduled to work, on average, between 50 and 60 hours per week in the defendants' restaurant. In addition, Cumberbatch would also work his regular shifts as a driver, earning $7.25 per hour for such work.

23.   In total, Cumberbatch was working both shifts at the restaurant and shifts as a driver for about one year. During this time, he worked for a total of 80 to 120 hours per week for defendants. Cumberbatch would receive two checks from defendants: one check for his work as a driver and one check for his work at the restaurant.

24.   For about a year or a year and a half, during approximately the same period of time, there were weeks when Cumberbatch would work double shifts solely as a driver or solely in the restaurant, 15 hours per day, seven days a week. For those biweekly pay periods, defendants paid Cumberbatch his first 80 hours at his regular hourly rate by check, and the balance of the hours at $6.00 per hour in cash.

25.   Defendants failed to pay Cumberbatch time and a half pay when he

6

worked over 40 hours per week in either position.

**Titu Hassan**

26.     Plaintiff Hassan worked for defendants as a customer service representative from on or about July 2, 2010 until in or about September 2013.  In that capacity, Hassan prepared food, answered the phones at defendants' restaurants to take orders, and cleaned the store.

27.     Defendants paid Hassan $8.00 per hour during his first six months of work.  Thereafter, defendants paid Hassan about $10.00 per hour.  Hassan was scheduled to work, on average, between 50 and 70 hours per week.

28.     On occasion, defendants assigned Hassan additional duties such as dispatching drivers and collecting money from drivers.  Although defendants called Hassan an assistant manager when he performed such work, he performed no significant managerial duties and was not delegated with the ability to exercise discretion or judgment on any matters pertaining to operation of the restaurant's business.  For such work, Hassan was paid the same $10.00 per hour that he receives when he works as a customer service representative.

29.     Defendants failed to pay Hassan time and a half pay when he worked over 40 hours per week.

**John Mason**

30.     Plaintiff Mason worked for defendants as a driver and in defendants' restaurants from on or about June 15, 2005 until on or about June 27, 2013.  In that capacity, Mason delivered pizzas and other food items to customers who ordered food from Emstar's pizzerias online or by telephone.  Mason was also called upon to prepare

7

pizzas and other food items in the restaurant, and at times, to paint the store. Defendants also required Mason to help clean the store after he returned from his last delivery each night. This task took at least one hour to perform. Each night, defendants made Mason perform this final hour of work off the clock and did not compensate him for this work.

31.     When Mason first began working for defendants, he was paid $6.00 per hour for his work. In or about 2006, Mason's rate of pay increased to $6.75 per hour. In or about 2007, Mason's rate of pay increased to $7.15 per hour. In or about July 2009, Mason's rate increased to about $7.25 per hour. Sometime thereafter, Mason's rate increased to about $7.50 per hour. Mason was scheduled to work for defendants between 40 and 80 hours per week.

32.     Mason was paid his straight hourly rate up to 80 hours per biweekly pay period. He was paid cash wages at a reduced rate of $6.00 per hour for all hours worked beyond the 80 hours every two weeks.

33.     Defendants failed to pay Mason time and a half pay when he worked over 40 hours per week.

**<u>Unlawful Deductions From Plaintiffs' Wages</u>**

34.     Defendants illegally deducted amounts from plaintiffs' wages when customers paid with counterfeit money or with a stolen credit card where the bank refuses to pay defendants.

35.     In Cumberbatch's case, in the 5.5 years he worked for defendants, defendants have deducted about $600-700 from his pay for instances where customers paid for food with a stolen credit card and the banks will not pay defendants. Defendants took these deductions from Cumberbatch's pay about eight times per year, on average.

8

36.     In another instance in or about 2009, defendants deducted $500 from Cumberbatch's pay because defendants claimed that Cumberbatch did not deposit all funds into the restaurant's safe after the restaurant had closed.

37.     In Hassan's case, defendants have deducted amounts from his pay (about $60 per incident) because other employees drank defendants' soda.

38.     In Mason's case, defendants have deducted amounts from his pay when customers canceled orders (about 8-9 times during his employment), when employees accidentally left the overhead lights or the oven light on (about two times during his employment), and in instances where customers paid for food with a stolen credit card and the banks will not pay defendants (about five times during his employment).

39.     Additionally, Cumberbatch and Mason were paid $1.00 per mile traveled when they delivered pizzas and other food to customers. However, if Cumberbatch or Mason traveled outside a 3-4 mile radius from the restaurant, defendants refused to pay them the $1.00 per mile for the additional miles traveled.

40.     Defendants have taken other miscellaneous deductions from plaintiffs' pay without first seeking authorization from plaintiffs, and without explaining the bases for the deductions.

## COLLECTIVE ACTION ALLEGATIONS

41.     Upon information and belief, defendant has, since 2010, employed over 300 different hourly workers. These employees had the same or similar job duties as plaintiffs, as described in paragraphs "16" through "33" herein.

42.     Upon information and belief, defendants have failed to pay these

9

employees the minimum wage rate for all hours worked.

43.     Upon information and belief, defendants have also failed to pay these employees overtime premiums when they worked over 40 hours in a week.

44.     Upon information and belief, defendants have also paid these employees at the reduced rate of pay of $6.00 per hour for all work over 80 in a biweekly pay period.

45.     Upon information and belief, defendants have also required employees to work past their restaurants' closing times but did not pay them for such additional work in order to avoid paying them for all hours worked and the additional overtime premium for hours worked over forty.

46.     The unlawful employment practices at issue with respect to all hourly employees employed by the defendants are identical to the unlawful employment practices with respect to plaintiffs.  In all cases, defendants have failed to pay time and a half for work over forty hours in a week and  have known of and/or showed reckless disregard for whether these and other practices violate the FLSA.

47.     Other hourly employees currently or formerly employed by defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under FLSA will provide other hourly employees the opportunity to receive notice of the action and allow them to opt in to such an action if they so choose.

48.     Pursuant to 29 U.S.C. §§ 216 and 256, consent forms executed by each plaintiff are annexed hereto as Exhibit A.

53442_1

## CLASS ALLEGATIONS

49.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1-48 as if recited at length herein.

50.     Pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, the named plaintiffs bring this action individually and on behalf of the following class of persons ("the Class"):

All hourly employees who worked for defendants at their New York State pizzerias during the period December 1, 2007 to the present.

51.     The individuals in the class identified above are so numerous that joinder of all members of the class is impracticable.  Upon information and belief, for the past six years, well over 450 individuals have worked as hourly employees in Emstar's six (6) pizzerias in New York State.

52.     Questions of law and fact common to the Class include, but are not limited to, the following:

a.      Whether defendants have failed to pay plaintiffs and all similarly situated individuals the minimum wage rate for all hours worked.

b.      Whether defendants have failed to pay plaintiffs and all similarly situated individuals the overtime rate of one and one half their regular hourly pay rate for each hour worked in excess of forty hours per week.

c.      Whether defendants have failed to pay plaintiffs and all similarly situated individuals an additional hour's pay at the minimum hourly wage rate for each day which plaintiffs worked 10 or more hours.

11

    d.       Whether defendants have failed to pay plaintiffs and all similarly situated individuals their hourly rate of pay for all hours worked.

    e.       Whether defendants have maintained accurate records of hours worked and wages paid to its hourly employees.

    f.       Whether defendants have made unlawful deductions from plaintiffs' and all similarly situated individuals' wages in violation of the NYSLL.

    g.       Whether defendants' actions and omissions at issue constitute willful violations of the NYSLL; and

    h.       Whether members of the Class have sustained damages and, if so, the proper measure of damages.

53.     The claims of the named plaintiffs are typical of the claims of the Class in that all of the named plaintiffs have suffered damage due to the policies and practices set forth in the paragraphs 16-47.

54.     The named plaintiffs will fairly and adequately protect the interests of the Class. The interests of the named plaintiffs are aligned with those of the Class, and the named plaintiffs have no conflicts of interest with the members of the Class.  In addition, the named plaintiffs are represented by qualified and experienced counsel.

55.     By engaging in the policies and practices set forth in paragraphs 16-47, defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory and monetary relief with respect to the Class as a whole.

56.     Questions of law or fact common to members of the Class, including but

53442_1

not limited to, the common questions of law or fact enumerated in paragraph 52,

predominate over any questions affecting only the named plaintiffs, and a class action is

superior to other available methods for the fair and efficient adjudication of the

controversy.

57.    For these reasons, the Class should be certified under Federal Rule of

Civil Procedure 23(b)(2) or, in the alternative, under Federal Rule of Civil Procedure

23(b)(3).

## AS AND FOR A FIRST CLAIM
## AS TO PLAINTIFFS CUMBERBATCH AND MASON

### (Failure to Pay Minimum Wage - FLSA)

58.    Plaintiff repeats and realleges each and every allegation in paragraphs "1"

through "57" as if recited at length herein.

59.    Pursuant to Section 206 of the Fair Labor Standards Act, 29 U.S.C. § 206,

the minimum rate of wage for the period July 24, 2009 forward was $7.25 per hour.

60.    Defendants did not pay plaintiffs Cumberbatch and Mason at the

statutorily required minimum rate of pay for each hour they worked when they paid them

$6.00 per hour in cash.

61.    Upon information and belief, at all relevant times, defendants did not pay

other hourly employees the statutorily required minimum wage rate for all hours worked.

62.    Defendants, by the above acts, have violated 29 U.S.C. § 206.

63.    Upon information and belief, said violations are willful within the

meaning 29 U.S.C. § 255(a).

13

## AS AND FOR A SECOND CLAIM
## AS TO PLAINTIFFS CUMBERBATCH AND MASON

### (Failure to Pay Minimum Wage - NYSLL)

64.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "63" as if recited at length herein.

65.     Pursuant to NYSLL § 652, the minimum rate of wage for the period plaintiff worked for defendants was $7.15 per hour for the time period January 1 2007 to July 23, 2009, and $7.25 per hour for the time period July 23, 2009 to the present.

66.     Defendants did not pay plaintiffs Cumberbatch and Mason at the statutorily required minimum rate of pay for each hour they worked when they paid them $6.00 per hour in cash.

67.     Upon information and belief, at all relevant times, defendants did not pay other hourly employees the statutorily required minimum wage rate for all hours worked.

68.     Defendants, by the above acts, have violated NYSLL § 652; 12 NYCRR § 146-1.3; and 12 NYCRR § 146-2.2.

69.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §§ 663.

## AS AND FOR A THIRD CLAIM
## AS TO ALL PLAINTIFFS

### (Failure to Pay Overtime Wage - FLSA)

70.     Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "69" as if recited at length herein.

71.     At all relevant times, defendants have not paid plaintiffs at the statutorily

14

required overtime rate of time and one half for hours worked by plaintiffs in excess of forty hours in a week.

72.     Upon information and belief, at all relevant times, defendants did not pay other hourly employees the statutorily required overtime rate of time and one half for hours worked in excess of forty hours in a week.

73.     Defendants, by the above acts, have violated 29 U.S.C. § 207.

74.     Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

## AS AND FOR A FOURTH CLAIM
## AS TO ALL PLAINTIFFS

### (Failure to Pay Overtime Wage – NYSLL)

75.     Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "74" as if recited at length herein.

76.     At all relevant times, defendants have not paid plaintiffs at the statutorily required overtime rate of time and one half for hours worked by plaintiffs in excess of forty hours in a week.

77.     Upon information and belief, at all relevant times, defendants did not pay other hourly employees the statutorily required overtime rate of time and one half for hours worked in excess of forty hours in a week, nor did they pay the other hourly employees their hourly rates of pay for all hours worked.

78.     Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142-2.2.

79.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

15

53442_1

## AS AND FOR A FIFTH CLAIM
## AS TO ALL PLAINTIFFS

### (NYSLL - Failure To Pay Spread of Hours Pay)

80.     Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "79" above as though recited at length herein.

81.     Plaintiffs have, throughout their employment, worked in excess of 10 hours per day, and/or have worked days where the time between the beginning and end of their work day exceed 10 hours.

82.     At all such times, defendants did not pay plaintiffs an additional hour's pay at the minimum hourly wage rate for each day which plaintiffs' spread of hours exceeded 10 hours.

83.     Upon information and belief, at all relevant times, defendants have not paid other hourly employees an additional hour's pay at the minimum hourly wage rate for each day which the spread of hours for those employees exceeded 10 hours.

84.     Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR §§ 142-2.4; 146-1.6.

85.     Defendants had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.


## AS AND FOR A SIXTH CLAIM
## AS TO ALL PLAINTIFFS

### (NYSLL – Unlawful Deductions)

86.     Plaintiffs repeat and reallege the allegations set forth in paragraphs "1"

53442_1

through "85" above as though recited at length herein.

87.     At all relevant times, defendants have improperly made deductions from plaintiffs' wages when customers used counterfeit money or stolen credit cards to pay for food at defendants' restaurants, for canceled orders, for other employees' consumption of defendants' food and beverages, for electricity, and for other miscellaneous amounts, as well as for failing to pay all earned wages to plaintiffs including overtime pay.

88.     Upon information and belief, defendant has improperly made deductions from other employees' wages.

89.     Defendants, by the above acts, have violated NYSLL §196-d.

90.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

### AS AND FOR A SEVENTH CLAIM
### AS TO ALL PLAINTIFFS

#### (NYSLL – Failure to Pay Wages When Due)

91.     Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "90" above as though recited at length herein.

92.     Plaintiffs were "manual worker[s]" as defined in NYSLL § 190(4).

93.     Pursuant to NYSLL § 191(a), defendants were obligated to pay plaintiffs their wages weekly and not later than seven calendar days after the end of the week in which the wages are earned.

94.     Defendants instead paid plaintiffs their wages bi-weekly. In addition, defendants failed to pay plaintiffs all wages due to them through failure to pay minimum wage for certain hours and the failure to pay time and a half for hours worked over 40 in

17

a week.

95.     By failing to pay plaintiffs their earned wages, defendants have violated NYSLL § 191.

96.     Upon information and belief, defendants failed to pay other employees their earned wages in violation of NYSLL § 191, and improperly paid other workers bi-weekly rather than weekly.

97.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

## AS AND FOR A EIGHTH CLAIM
## AS TO ALL PLAINTIFFS

### (NYSLL - Notice and Recordkeeping Requirements)

98.     Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "97" above as though recited at length herein.

99.     Defendants failed to provide plaintiffs with a written notice of their rate of pay, regular pay day, and such other information as required by NYSLL §195(1).

100.    Upon information and belief, defendants failed to provide all other employees with a written notice of their rate of pay, regular pay day, and such other information as required by NYSLL §195(1).

101.    Defendants are liable to each plaintiff in the amount of $50.00 per week of employment that they did not receive such notice, together with costs and attorneys fees.

53442_1

## AS AND FOR A NINTH CLAIM
## AS TO ALL PLAINTIFFS

### (NYSLL – Failure To Provide Wage Statements)

102.    Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "101" above as though recited at length herein.

103.    Defendants did not provide plaintiffs with wage statements upon each payment of wages, as required by NYSLL §195(3).

104.    Upon information and belief, defendants did not provide other employees with wage statements upon each payment of wages, as required by NYSLL §195(3).

105.    Defendants are liable to each plaintiff in the amount of $100.00 per week of employment that they did not receive such statements., together with costs and attorneys' fees.


### PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully request that this Court enter a judgment:

(a)    declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

(b)    declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and NYSLL §§198, 663;

(c)    directing defendants to make plaintiffs and all similarly situated employees whole for all unpaid wages due as a consequence of defendant's violations of the FLSA and NYSLL;

(d)    directing defendants to make plaintiffs and all similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's

53442_1

violations of the FLSA and NYSLL;

(e)      directing defendants to pay plaintiffs and all similarly situated employees for all unlawful deductions from their wages;

(f)      directing defendants to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(g)      directing defendant to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in NYSLL §§ 198, 663.

(h)      directing defendant to pay plaintiffs and all similarly situated employees statutory damages of $50.00 per week of violation, to a maximum of $2,500 per plaintiff, for violations of NYSLL §195(1), pursuant to NYSLL §198(1-b).

(i)      directing defendant to pay plaintiffs and all similarly situated employees additional statutory damages of $100.00 per week of violation, to a maximum of $2,500 per plaintiff, for violations of NYSLL §195(3), pursuant to NYSLL §198(1-d).

(j)      awarding plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL §§ 198, 663; and

(k)      granting such other and further relief as this Court deems necessary and proper.

53442_1

Dated: New York, New York
December 16, 2013

Respectfully submitted,
CARY KANE LLP
Attorneys for Plaintiff

By: _Joshua Parkhurst_

Joshua Parkhurst (JP5022)
Melissa Chan (MC5687)
1350 Broadway, Suite 1400
New York, New York 10018
(212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to

Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned

action.

53442_1

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTHONY CUMBERBATCH, et al.

                           Plaintiffs,

                -against-

EMSTAR PIZZA, INC., EMMANUEL
ONUAGULUCHI, UCHENNA ONUAGULUCHI,
and JOHN DOES 1-100, the actual names of such
individuals or entities being unknown,

                        Defendants.
-------------------------------------------------------------X

**CONSENT TO BECOME
<u>PARTY PLAINTIFF</u>**

       By my signature below, I hereby authorize the filing and prosecution of the
above-described Fair Labor Standards Act action in my name and on my behalf by the
named plaintiffs and so designate the named plaintiffs as my agent to make decisions on
my behalf concerning the lawsuit, the method and manner of conducting the lawsuit,
entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees
and costs, entering into a settlement agreement with the defendants, and all other matters
pertaining to this lawsuit.



_____        Dated: __8/2/2013__
(Signature)


ANTHONY CUMBERBATCH
(Print your name)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY CUMBERBATCH, et al.

               Plaintiffs,

          -against-

EMSTAR PIZZA, INC., EMMANUEL
ONUAGULUCHI, UCHENNA ONUAGULUCHI,
and JOHN DOES 1-100, the actual names of such
individuals or entities being unknown,

               Defendants.
------------------------------------------------------------X

**CONSENT TO BECOME**
**PARTY PLAINTIFF**

     By my signature below, I hereby authorize the filing and prosecution of the
above-described Fair Labor Standards Act action in my name and on my behalf by the
named plaintiffs and so designate the named plaintiffs as my agent to make decisions on
my behalf concerning the lawsuit, the method and manner of conducting the lawsuit,
entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees
and costs, entering into a settlement agreement with the defendants, and all other matters
pertaining to this lawsuit.


_____
(Signature)

Dated: 0 8 - 0 1 - 13


_____
(Print your name)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANTHONY CUMBERBATCH, et al.

                              Plaintiffs,                **CONSENT TO BECOME
                                                         PARTY PLAINTIFF**

                    -against-


EMSTAR PIZZA, INC., EMMANUEL
ONUAGULUCHI, UCHENNA ONUAGULUCHI,
and JOHN DOES 1-100, the actual names of such
individuals or entities being unknown,

                              Defendants.
---------------------------------------------------------------X

      By my signature below, I hereby authorize the filing and prosecution of the above-described Fair Labor Standards Act action in my name and on my behalf by the named plaintiffs and so designate the named plaintiffs as my agent to make decisions on my behalf concerning the lawsuit, the method and manner of conducting the lawsuit, entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees and costs, entering into a settlement agreement with the defendants, and all other matters pertaining to this lawsuit.


_____           Dated: 10/19/13
(Signature)


_____
(Print your name)